## ED. J. RAYMOND V. SCHRIEVER BROTHERS.

### FILED FEBRUARY 6, 1902.  No. 11,147.

1. Fraud: ACTION: RELIEF: RIGHT OF ACTION ACCRUES ON CON-
STRUCTIVE DISCOVERY. An action for relief on the ground of
fraud, may be commenced at any time within four years after
a discovery of the facts constituting the fraud, or of facts suffi-
cient to put a person of ordinary intelligence and prudence
on inquiry which, if pursued, would lead to such discovery.
*Parker v. Kuhn*, 21 Nebr., 413.

2. ———: STATUTE OF LIMITATIONS. The lapse of four years after
the discovery of the alleged frauds, or of such facts as were
sufficient to demand such investigation by plaintiff as would
have disclosed the alleged frauds, bars an action brought for
relief upon the ground of such fraud. *Horbach v. Marsh*, 37
Nebr., 22.

3. ———: OPPORTUNITY TO DISCOVER. The mere fact that a party
defrauded has the opportunity or power to investigate and dis-
cover the fraud without any facts or clue thereto which would
cause an ordinarily intelligent and prudent man to make an ex-
amination which, if followed up, would disclose such fraud,
will not set the statute to running.

4. Petition: EVIDENCE. Petition and the evidence in support thereof,
*held* sufficient to establish plaintiff's cause of action and to
sustain the judgment rendered in the action.

ERROR from the district court for Dakota county.  Tried
below before EVANS, J.  *Affirmed.*

*Mell C. Jay,* for plaintiff in error.

*William P. Warner* and *M. C. Beck, contra.*

HOLCOMB, J.

From a judgment adverse to the defendant below, he
prosecutes error to secure a reversal thereof.  The action
is grounded on an alleged false and fraudulent entry in
the books of account of the plaintiffs by defendant, while
in their employ as a clerk and bookkeeper, whereby he ob-
tained payment to himself of $54 more than was his due.
The petition alleges, in substance, that the defendant while

in the employ of the plaintiffs as drug-clerk, and having full control of said drug-store and the books of account pertaining to the business, including his own account, on the 7th day of October, 1890, fraudulently, and for the purpose of defrauding the plaintiffs, made an entry in said books of account, crediting himself with $54 more than there was due him, and that afterwards, in the year 1892, the plaintiffs, having full confidence in the correctness of the account, paid the amount shown to be due by said account to the defendant, and including the $54 so fraudulently and falsely entered and charged; that the false entry was not discovered and could not have been discovered by the exercise of reasonable diligence, until about the time the action was brought, in 1898; and prayed judgment for said amount, with interest. The answer admitted the employment; otherwise it was a general denial, with a plea of the statute of limitations, and a denial of the sufficiency of the petition.

The evidence introduced on behalf of plaintiffs, supported the allegations of the petition. The defendant offered no evidence in support of his answer, relying on the insufficiency of the petition and the evidence in support thereof, to sustain a finding and judgment against him. The real bone of contention is whether, under the allegations of the petition, the action must be taken and held to be barred by the statute of limitations; it being contended by the defendant that, if the plaintiffs had no actual knowledge of the false entry, they, because of their possession of the books of account, and the right of examination and investigation of their correctness and truthfulness, must be held chargeable with knowledge of their contents from the time of final settlement with the defendant, in 1892, and that the statute of limitations would begin to run from that time and bar a recovery in four years thereafter. The rule relative to the question, as settled in this jurisdiction, is: "An action for relief on the ground of fraud may be commenced at any time within four years after a discovery of the facts constituting the fraud, or of

facts sufficient to put a person of ordinary intelligence and prudence on inquiry which, if pursued, would lead to such discovery." *Parker v. Kuhn,* 21 Nebr., 413; *Hellman v. Davis,* 24 Nebr., 793; *Wright v. Davis,* 28 Nebr., 479; *Horbach v. Marsh,* 37 Nebr., 22; *Gerner v. Mosher,* 58 Nebr., 135.

It is quite apparent that from the time of the payment to the defendant in final settlement of his account, the plaintiffs were in possession and control of the books of account, and had the opportunity at all times to examine the defendant's account as to its correctness and to discover the alleged fraud, and that they did not do so until some six years thereafter, and, if this fact alone brings them within the scope and purview of the rule as to knowledge of facts sufficient to put an ordinarily intelligent and prudent man on inquiry, then the action is barred, and no recovery can be had.

The relations between the parties at the time were those of confidence and trust, and the fiduciary capacity of the defendant while in plaintiffs' employ evidenced perfect confidence in his ability and integrity on their part. That they had no actual knowledge of any fact which would lead them, as men of ordinary prudence, to believe or suspect that the defendant had kept his account with them otherwise than straight and correct, we have no reason to doubt from what is before us.

The test is not whether the defrauded party has the opportunity or power to discover the fraud, but whether he was in possession of such facts as were sufficient to demand an investigation, which, if pursued, would have disclosed the fraud. In *Horbach v. Marsh,* 37 Nebr., 22, the rule is thus stated in the syllabus: "The lapse of four years after the discovery of the alleged frauds, or of such facts as were sufficient to demand such investigation by plaintiff as would have disclosed the alleged frauds, bars an action brought for relief upon the ground of such fraud." In *Gerner v. Mosher,* 58 Nebr., 135, it is said in the opinion of the court: "In *Gillespie v. Cooper* it was

**50**

also said that the party defrauded must be diligent in making inquiry; that means of knowledge are equivalent to knowledge. But it was stated in the same connection that a clue to the facts, which if followed up diligently would lead to a discovery, is in law equivalent to a discovery. None of the cases holds, nor are we aware of any case elsewhere which holds, that a man must be so keenly on the scent of efforts to defraud him that, without knowledge of any fact which would lead a prudent man to suspect that he had been defrauded, he is bound to make investigations which he is not obliged to make for other purposes, merely because it is in his power to make such investigations. There was some proof introduced and some tendered tending to show that Mr. Gerner, considering that he was a stockholder only and not a director, took quite a keen interest in the affairs of this bank, and was somewhat active concerning the same. But giving such evidence its utmost effect, it could have been no more than a question for the jury whether or not he thereby became apprised of any fact which imposed upon him the active duty of resort to the examination of the books. Certainly, in the absence of all grounds of suspicion, he can not be held, as a matter of law, to have been compelled to make such examination."

The defendant, under the allegations of the petition which are supported by the proofs, fraudulently and knowingly made a false entry in the books of account for his personal advantage and profit. He in no way by proof seeks to deny it or explain it away. The item is concealed among a mass of others, and is undiscoverable except upon a critical examination of his accounts and the many items composing the same. He had the confidence of his employers, who had no reason to suspect the account was incorrect, and no knowledge of any fact which would put a reasonably prudent man on inquiry. How, then, can it be said that the statute has run and the cause of action is barred? For the sake of illustration, suppose the fraud had been committed by making false entries in the general merchandise accounts of the firm for whom he was employed by en-

tering thereon items of moneys paid out in greater amounts than was actually paid, the defendant retaining the excess, could it be successfully urged, after the lapse of four years from the time it was in the power of the plaintiffs to have discovered the fraud, the action would be barred, notwithstanding they had no knowledge of any fact nor any clue leading to information which if followed up would have disclosed that they were being defrauded? It seems to us not, and yet in principle the supposed case is analogous to the real one.

We conclude, therefore, that the petition states a cause of action, and, the proof sustaining the same, the judgment of the district court should be, and accordingly is,

AFFIRMED.